```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**ROJELIO BARRON,**

                                 **Plaintiff,**

                                                **CIVIL ACTION**
      **vs.**                                              **No. 07-3180-SAC**

**KEN MACY, et al.,**

                                 **Defendants.**

## ORDER

This matter is before the court on a civil rights complaint filed under 42 U.S.C. § 1983 by a prisoner incarcerated in the Hutchinson Correctional Facility in Hutchinson, Kansas. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the full $350.00 filing fee in this civil action. If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by the periodic payments from plaintiff's inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2). Because any funds advanced to the court by plaintiff or on his behalf must first be applied to plaintiff's outstanding fee obligation,[1] the court grants plaintiff leave to proceed in forma pauperis in the instant matter without payment of an initial partial filing fee. Once this prior fee

---

[1] *See* Barron v. Macy, Case No. 07-3179-SAC ($350.00 district court filing fee).

obligation has been satisfied, however, payment of the full district court filing fee in this matter is to proceed under 28 U.S.C. § 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).

In this action, plaintiff states his finger was slammed in a van door during a prisoner transport between the county jail and courthouse in July 2005.  Plaintiff claims Deputy Sheriff Amy failed to provide immediate medical care, and claims he had to endure throbbing pain for five hours while waiting to appear before a judge.  Plaintiff seeks damages from this deputy sheriff, and from Douglas County Sheriff Macy, for their failure to provide immediate medical attention for his injury.

To allege a valid claim under 42 U.S.C. § 1983, the plaintiff must assert the denial of a right, privilege or immunity secured by federal law.  <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 150 (1970); <u>Hill v. Ibarra</u>, 954 F.2d 1516, 1520 (10th Cir. 1992).

It is recognized that prison officials violate the Eighth Amendment when they are deliberately indifferent to a prisoner's serious medical needs.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976).  The Fourteenth Amendment's Due Process Clause, entitles pretrial detainees to the same degree of protection against the denial of medical care.  <u>Estate of Hocker ex rel. Hocker v. Walsh</u>, 22 F.3d 995, 998 (10th Cir. 1994).  Accordingly, to state a cognizable constitutional claim based on the alleged failure to provide medical care, plaintiff "'must allege acts or omissions sufficiently harmful

to evidence deliberate indifference to serious medical needs.'" Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993)(*emphasis omitted*, *quoting* Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

The deliberate indifference requirement has an objective component requiring that the pain or deprivation be sufficiently serious, and a subjective component requiring that the offending officials act with a sufficiently culpable state of mind. Perkins v. Kan. Dept. of Corr., 165 F.3d 803, 809 (10th Cir. 1999)(*citing* Wilson v. Seiter, 501 U.S. 294, 298-99 (1991)). "A medical need is sufficiently serious 'if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000)(*quoting* Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999)).

In the present case, plaintiff cites a five hour wait to see a judge, and states the ibuprofen he was given after multiple sick calls provided him no relief. These allegations are insufficient to state a claim of constitutional significance. Plaintiff cites no swelling, discoloration, bleeding, or broken bones that would make his injury as one obviously needing immediate medical care. And plaintiff identifies no substantial physical injury that resulted from the alleged delay in treatment. *See* Garrett v. Stratman, 254 F.3d 946, 950 (10th Cir. 2001)(delay in medical care constitutes constitutional violation only upon a showing that the delay resulted in substantial harm). Although plaintiff says he is still unable to fully bend his finger without pain, this falls far short of demonstrating "substantial harm" which has been characterized as a "lifelong handicap, permanent loss, or considerable pain." Id.

The court thus finds the complaint is subject to being

summarily dismissed as stating no claim for relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").[2]

   IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis, with payment of the $350.00 district court filing fee to proceed under 28 U.S.C. § 1915(b)(2) after plaintiff's prior fee obligation has been fully satisfied.

   IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed as stating no claim for relief.

   Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

   **IT IS SO ORDERED.**

   DATED:  This 24th day of July 2007 at Topeka, Kansas.


                                   s/ Sam A. Crow
                                   SAM A. CROW
                                   U.S. Senior District Judge

---

   [2]Plaintiff is advised that dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) will count as a "strike" under 28 U.S.C. § 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."