```
           IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**ROJELIO BARRON,**

                          **Plaintiff,**

                                                    CIVIL ACTION
        **vs.**                                              No. 07-3180-SAC

**KEN MACY, et al.,**

                          **Defendants.**

<u>**ORDER**</u>

    Plaintiff, a prisoner incarcerated in the Hutchinson Correctional Facility in Hutchinson, Kansas, proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. § 1983.

    Plaintiff alleges his finger was slammed in a van door during a prisoner transport between the county jail and courthouse in July 2005. Plaintiff claims Deputy Sheriff Amy failed to provide immediate medical care, and claims he had to endure throbbing pain for five hours while waiting to appear before a judge. Plaintiff seeks damages from the deputy sheriff, and from Douglas County Sheriff Macy, for their failure to provide immediate medical attention for his injury.

    The court directed plaintiff to show cause why the complaint should not be dismissed as stating no claim upon which relief could be granted under § 1983. *See* 28 U.S.C. § 1915A(a) and (b)(court to screen civil complaint filed by a prisoner to identify cognizable claims and to dismiss the complaint or any portion thereof that is (1) frivolous, malicious or fails to state a claim, or (2) seeks damages from a defendant immune from such relief). More specifically, the court found plaintiff's allegations of having to

wait hours without medical treatment before his appearance in state court, and of ineffective pain medication being eventually administered, were insufficient to state a claim of constitutional significance where plaintiff cited no swelling, discoloration, bleeding, or broken bones that would make his injury as one obviously needing immediate medical care.  Nor did plaintiff identify a substantial physical injury that resulted from the alleged delay in treatment.

In response, plaintiff clarifies that the incident broke his left little finger, for which he was denied immediate medical care. He further states the delay in treatment for this injury caused him to suffer irreparable harm, namely some discomfort when he now bends that finger.[1]

Having reviewed the record, the court continues to find the allegations, even if considered as true, are insufficient to state a cognizable constitutional claim.  Notwithstanding the later diagnosis of a broken bone, plaintiff's allegations do not show that either named defendant was deliberately indifferent to an obvious and serious medical need.  *See* Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993)(to state a cognizable constitutional claim based on the alleged failure to provide medical care, plaintiff must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs)(*emphasis and quotation omitted*).  Nor is plaintiff's report of slight pain or discomfort in now bending his little finger sufficient to constitute the "lifelong

---

[1] Plaintiff also requests leave to file an amended complaint, but provides no proposed amended pleading.  The court liberally construes this request as seeking leave to supplement the complaint to include the information about his finger being broken.

handicap, permanent loss, or considerable pain" required to state a claim of deliberate indifference through delay in treatment. *See* Garrett v. Stratman, 254 F.3d 946, 950 (10th Cir. 2001)(delay in medical care constitutes constitutional violation only upon a showing that the delay resulted in substantial harm which is characterized as "lifelong handicap, permanent loss, or considerable pain").

Accordingly, the court finds the complaint should be dismissed as stating no claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

IT IS THEREFORE ORDERED that the complaint is dismissed as stating no claim for relief.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (Doc. 5) is denied as moot.

**IT IS SO ORDERED.**

DATED:  This 17th day of August 2007 at Topeka, Kansas.


　　　　　　　　　　　　　　　　　 s/ Sam A. Crow
　　　　　　　　　　　　　　　　SAM A. CROW
　　　　　　　　　　　　　　　　U.S. Senior District Judge